[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 457.]

THE STATE OF OHIO, APPELLEE, *v*. ZERLA, APPELLANT.

[Cite as *State v. Zerla*, 1996-Ohio-266.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant fails to demonstrate a colorable claim of ineffective assistance of counsel.*

(No. 95-1687—Submitted January 9, 1996—Decided February 7, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 93APA09-1304.

———————————

{¶ 1} Appellant, Terrance E. Zerla, was convicted of kidnapping and three counts of rape, but the court of appeals set aside those convictions. *State v. Zerla* (Mar. 17, 1992), Franklin App. No. 91AP-562, unreported, 1992 WL 55433. Following a new trial, a jury again convicted appellant of three counts of rape and kidnapping. The court of appeals affirmed those convictions, but remanded the cause to the trial court to clarify the sentence. *State v. Zerla* (Dec. 22, 1994), Franklin App. No. 93APA09-1304, unreported, 1994 WL 714456, appeal dismissed (1995), 72 Ohio St.3d 1413, 647 N.E.2d 1387. The court of appeals also separately affirmed the trial court's denial of appellant's motion to reconsider its judgment. *State v. Zerla* (Dec. 22, 1994), Franklin App. No. 94APA03-350, unreported, 1994 WL 714458.

{¶ 2} Subsequently, appellant filed with the court of appeals an application to reopen his appeal under App.R. 26(B), alleging ineffective assistance of his appellate counsel. The court of appeals denied the application, finding that appellant "failed to demonstrate a colorable claim of ineffective assistance of counsel." Appellant appeals that denial to this court.

———————————

*Michael Miller*, Franklin County Prosecuting Attorney, and *Steven L. Taylor*, Assistant Prosecuting Attorney, for appellee.

*Terrance E. Zerla*, *pro se*.

———————————

***Per Curiam.***

{¶ 3} We affirm the decision of the court of appeals for the reasons stated in its memorandum decision.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————